**David Allegrucci (12611)**
**ALLEGRUCCI LAW OFFICE, PLLC**
**307 North Miller Road**
**Buckeye, Arizona 85326**
**PH (623) 412-2330**
**FAX (623) 878-9807**
**Attorney for Petitioner(s)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Case No.: 2-07-bk-00812-SSC |
| Michelle Montgomery Flunder, | In Proceedings Under Chapter 13 |
| and | |
| Gerald Lane Flunder, | **MODIFIED CHAPTER 13 PLAN AND** |
| | **APPLICATION FOR PAYMENT OF** |
| Debtors. | **ADMINISTRATIVE EXPENSES** |

**Creditors shall be provided for and paid as stated in this Plan regardless of the secured claim amount stated in a proof of claim. If a secured creditor does not timely file an objection to confirmation of the Plan then it is deemed to have accepted treatment of its claim under the Plan and the amount to be paid on the secured claim. 11 U.S.C. §1325(a)(5)(A). Confirmation of the Plan binds all claimants to treatment of the claims as provided for in this Plan. The binding effect is regardless of any proof of claim, which may be filed. 11 U.S.C. §1327.**

The debtor(s) propose the following **MODIFICATION** to the confirmed Chapter 13 Plan:

**1. PROPERTY AND INCOME SUBMITTED TO THE PLAN**

The debtor(s) shall submit the following amounts of property and future income to the Trustee for distribution under the Plan:

**a. Future Earnings or Income:**
Debtors shall pay **$450.00 for months 1-12, $565.20 for months 13-26**, **$144.86 for month 27, the remainder of payments for months 27-30 waived through this modified plan,** and **$950.00 for months 31-60**, per month to the Trustee on before the 29th day of each month, commencing March 29, 2007.

**b. Other Property:**
If any other property is submitted to the trustee for distribution to creditors or administrative expenses, the value of such property shall be treated as advance payments toward plan payments described in section 1.a. above.

**2. DURATION**
This Plan shall continue for **60 months** from the date of the first payment.

**3. MODIFIED TREATMENT OF CLAIM**

**Select Portfolio shall be paid an additional secured claim in the estimated amount of $11,000.00 at 0% interest for post-petition mortgage arrears due through August 31, 2009. The debtors shall resume making their regular monthly mortgage payments directly to the lender, outside the plan, beginning with the payment due for September 1, 2009.**

```
Flunder 2:07-bk-00812-SSC
```

# APPLICATION FOR ADMINISTRATIVE EXPENSE

1. The law firm of ALLEGRUCCI LAW OFFICE, PLLC. has filed this Modified Chapter 13 plan on behalf of the debtors. Debtor's counsel hereby files application for approval of administrative expense pursuant to 11 U.S.C. §330. ALLEGRUCCI LAW OFFICE, PLLC also claims a state charging lien upon all funds in the Trustee's possession for the payment of its administrative expenses pursuant to In re Southwest Restaurant Systems, Inc., 607 F.2d 1243 (9th Cir. Ariz. 1979).

2. Such law firm has agreed to represent the debtors with regard to their confirmation of their Modified Chapter 13 Plan. This is not the Debtors' attorney's first fee application in this case.

3. Fees for Debtor's counsel have been approved in the amount of **$1,800.00** for the confirmed plan. Debtor's counsel request additional fees and expenses in the amount of **$600.00** be approved and paid from funds collected by the Chapter 13 Trustee in the form of plan payments through this modified plan.

4. Services rendered by ALLEGRUCCI LAW OFFICE, PLLC include:
   (a) Attorney conferences for the analysis of the debtor's financial position, advice and counsel regarding the application of 11 U.S.C. Chapters 7, 11, and 13.
   (b) Assistance with and processing of information necessary to the preparation of the official forms required by the Court, to be filed with a Modified Chapter 13 petition. The actual preparation of the debtor's documents and all corresponding declarations.
   (c) Document copying and mailing necessary for the noticing out of the Modified Chapter 13 Plan to all interested parties.
   (d) Representation at all hearings on confirmation of the Modified Plan.
   (e) Client consultations, creditor negotiations and conferences, and representation as regarding the Chapter 13 Trustee and other interested parties.

5. Administrative fees and costs under this application are to be paid prior to all creditor claims as provided in 11 U.S.C.§507(a)(1). Fees requested in this application are not being shared. This application represents only fees and costs incurred by debtor's counsel.

## IN ALL OTHER RESPECTS, THE PROVISION OF THE CONFIRMED PLAN WILL CONTINUE TO GOVERN.

MODIFIED PLAN DATED this 21st day of August, 2009.

ALLEGRUCCI LAW OFFICE, PLLC

/s/David Allegrucci
Attorney for Debtor

Flunder 2:07-bk-00812-SSC

**PLAN ANALYSIS\*\***

Debtor(s): Michelle and Gerald Flunder          Case No. 2-07-bk-00812-SSC
Prior: Bankruptcy ( )     Chapter 13 ( )         Date:

Estimated Length of Plan:     **60 Months**
                           TRUSTEE USE:
                           Section 341(a) Meeting Date: _____
                           Continued: _____
                           Confirmation Date: _____

TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTATIVE EXPENSES

A. TOTAL PRIORITY CLAIMS:
       1. Attorney Fees............................................................................. $ 2,400.00
       2. Taxes.......................................................................................... $ 0.00
       3. Other.......................................................................................... $ 0.00
B. TOTAL OF PAYMENTS TO CURE DEFAULTS (pre-petition)...................... $20,641.99
    TOTAL OF PAYMENTS TO CURE DEFAULTS (est. post-petition)................. $11,000.00
C. TOTAL OF PAYMENTS ON SECURED CLAIMS ........................................ $ 0.00
D. TOTAL OF PAYMENT ON GENERAL UNSECURED CLAIMS\*..................... $ 3,719.90\*
E. SUBTOTAL ................................................................................... ...... $37,761.89
F. TOTAL TRUSTEE'S COMPENSATION
        (10% of Debtor(s)' Payments) ............................................................ $ 4,195.77
G. TOTAL DEBT AND ADMINISTRATIVE EXPENSES..................................... $41,957.66
\*This treatment can change without further notice. Refer to¶ 3(J)(1) of the Plan

---

CHAPTER 7 RECONCILIATION

H. INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED
       1. Value of Debtor(s)' interest in
          Nonexempt property...............................................................$ 0
       2. Plus: value of property recoverable under
          Avoiding powers................................................. ...........................$ 0
       3. Less: estimated Chapter 7 administrative
          Expenses..............................................................................$ <45.00>
       4. Less: amounts payable to priority creditors
          Other than costs of administration..................................................$ <2,195.93>
       5. Equals: estimated amount payable to general
          Unsecured creditors if Chapter 7 filed...............................................$ 0

I. ESTIMATED DIVIDEND FOR GENERAL UNSECURED
      CREDITORS UNDER CHAPTER 7......................................................$ 0

J. ESTIMATED DIVIDEND UNDER PLAN....................................................... $ 3,719.90

\*\*IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED, CONTROLS.

```
Flunder 2:07-bk-00812-SSC
```